# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>The Dropbox account associated with subscriber or user name "ET" or Eli Traufield or e-mail address "ncomoney2@yahoo.com", that is in the possession of Dropbox, Inc., whose office is located at 185 Berry Street, 4th Floor, San Francisco, CA, 94107, more fully described in Attachment A, attached hereto. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 14-sw-05100-BNB |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the __State and__ District of __Colorado and elsewhere__ *(identify the person or describe property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    X  evidence of a crime;

    X  contraband, fruits of crime, or other items illegally possessed;

    X  property designed for use, intended for use, or used in committing a crime;

    ❑  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. §§ __2252 and 2252A__, and the application is based on these facts:

    X  Continued on the attached affidavit, which is incorporated by reference.

    ❑  Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

                                       *s/Kevin P. Hoyland*
                                             *Applicant's signature*

                          Kevin P. Hoyland, Special Agent FBI
                                    *Printed name and title*

Sworn to before me and:   ❑ signed in my presence.
                        X submitted, attested to, and acknowledged by reliable electronic means.

Date: __05 Feb 2014__

                                              *Judge's signature*

City and state:   __Denver, CO__
                                 Boyd N. Boland
                                  United States Magistrate Judge
                                            *Printed name and title*

**ATTACHMENT A**

**<u>DESCRIPTION OF LOCATION TO BE SEARCHED</u>**

The Dropbox account, information about the account, and all content associated with subscriber "ET" or "Eli Traufield," user names "ET" or "Eli Traufield," or e-mail address "ncomoney2@yahoo.com", and all associated accounts (hereinafter and in Attachment B, "SUBJECT ACCOUNT") which is in the possession of or under the control of Dropbox, Inc., whose office is located at 185 Berry Street, 4th Floor, San Francisco, CA 94107 (hereinafter and in Attachment B, "PROVIDER").

ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Pursuant to 18 U.S.C. § 2703, PROVIDER as described in Attachment A is hereby ordered as follows:

### I.   SEARCH PROCEDURE

a.  The search warrant will be presented to personnel of the PROVIDER, who will be directed to isolate those accounts and files described in Section II below;

b.  In order to minimize any disruption of computer service to innocent third parties, the PROVIDER'S employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c.  The PROVIDER'S employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant; and

d.  Law enforcement personnel will thereafter review all information and records received from the PROVIDER'S employees to determine the information to be seized by law enforcement personnel specified in Section III.

### II.  FILES AND ACCOUNTS TO BE DISCLOSED BY THE PROVIDER'S EMPLOYEES

a.  For the SUBJECT ACCOUNT listed in Attachment A for the time period from the date the SUBJECT ACCOUNT was created, to the date the PROVIDER collects the data in response to this order, the PROVIDER shall disclose the following information, and the disclosure shall include all information, including, but not limited to, messages, records, files, logs, even if deleted yet still available to the PROVIDER, and all information preserved pursuant to a request under 18 U.S.C. § 2703(f):

1.  The contents of all folders associated with the SUBJECT ACCOUNT, including deleted, stored or preserved copies of files sent to and from the SUBJECT ACCOUNT, the source and destination addresses associated with each file sent to and from the SUBJECT ACCOUNT, the history of all account activity related to the uploading and downloading of files, including the date and time at which each file was sent to and from the SUBJECT ACCOUNT and the size and title of each file sent to and from the SUBJECT ACCOUNT;

2.  All transactional information of all activity of the SUBJECT ACCOUNT, including log files, messaging logs, records of session times and durations, dates and times of connecting, methods of connecting, and e-mail "invites" sent or received via the PROVIDER, and any contact lists;

3.  All records or other information regarding the identification of the SUBJECT ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the SUBJECT ACCOUNT, log-in IP addresses associated with session times and dates, SUBJECT ACCOUNT status, alternative e-mail addresses provided during registration, methods of connecting, ports, dial-ups, and/or locations, log files, and means and source of payment (including any credit or bank account number);

4. All business records and subscriber information, in any form kept, pertaining to the SUBJECT ACCOUNT, including applications, subscribers' full names, all screen names associated with the subscribers and/or accounts, all account names associated with the subscribers, methods of payment, telephone numbers, addresses, and detailed billing records;

5. All records indicating the services available to the subscriber of the SUBJECT ACCOUNT;

6. The services the SUBJECT ACCOUNT utilized and all records generated by those services;

7. All records or other information stored at any time by an individual using the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

8. All records pertaining to communications between PROVIDER and any person regarding the SUBJECT ACCOUNT or identifier, including contacts with support services and records of actions taken.

## III.    INFORMATION TO BE SEIZED BY LAW ENFORCEMENT PERSONNEL

a. All information described above in Section II that constitutes fruit, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(1),(2), and (4) and 2252A(a)(1), (2), (3), and (5):

1. All files, images, and other information that relate to the SUBJECT ACCOUNT, or other e-mail accounts, Internet accounts, addresses or user names that may identify the user of the account or individuals engaged in the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography, that identifies the means or methods used regarding such the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, § 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

2. All "address books" or other lists of correspondents or contacts, or usernames with access to the account;

3. All information that identifies a sexual interest in minors and/or communication with those with a sexual interest in minors or information relating to violations of 18 U.S.C. §§ 2252(a)(1), (2), (4), 2252A(a)(1), (2), (3), and (5);

4. Visual depictions of child pornography;

5. Information containing child erotica, including visual depictions of child erotica;

6. Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors or adults, or of sexual interest, or that may be helpful in identifying any such minors;

7. Names and associated e-mail addresses; physical address and location information; records of session times and durations; length of service (including start date) and types of service utilized; telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; the means and source of payment for such service (including any credit card or bank account number); and Internet Protocol addresses used by the subscriber to register the account or otherwise initiate service;

8. User connection logs for the SUBJECT ACCOUNT for any connections to or from the SUBJECT ACCOUNT which should include the following: Connection time and date; disconnect time and

date; method of connection to system (e.g., SLIP, PPP, Shell); data transfer volume (e.g., bytes); the IP address that was used when the user connected to the service, connection information for other systems to which user connected via the SUBJECT ACCOUNT; and any addresses or contact information associated with the SUBJECT ACCOUNT;

9. Records relating to who created, used, or communicated with the SUBJECT ACCOUNT or user of that account, or who had access to the account, including records about their identities and whereabouts that relate to violations of 18 U.S.C. §§ 2252(a)(1), (2), (4), 2252A(a)(1), (2), (3), and (5), or that provide identifying information for the user of the SUBJECT ACCOUNT, or that provides context for the information otherwise sought by this Attachment.

## IV. PROVIDER PROCEDURES

a. The PROVIDER shall deliver the information set forth above within **14 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

**Special Agent Kevin Hoyland**

**2915 Rocky Mountain Avenue, Suite 210**

**Loveland, Colorado 80538**

**Fax No: (970) 461-4020**

b. Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

## V.   DEFINITIONS

a. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.

b. "Child Pornography" as used herein is defined in 18 U.S.C. § 2256(8). (Any visual depiction, including any photograph, film, video, picture, or computer or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

d. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

## AFFIDAVIT

I, Kevin P. Hoyland, being duly sworn depose and state that the following is true to the best of my information, knowledge, and belief:

## INTRODUCTION AND AGENT BACKROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been so employed since 2012 investigating a wide variety of federal criminal violations to include financial crime, violent crime, computer crimes, and various felony crimes, including crimes against children.  As a Special Agent, your Affiant has received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, white collar crimes, and various other criminal laws and procedures. As part of my duties, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, § 2251, 2252 and 2252A.  I have received training and instruction in the field of investigation of child pornography and have had the opportunity to participate in investigations relating to the sexual exploitation of children.  As part of my training and experience, I have reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as storage devices, the Internet, and printed images).

2. This affidavit is made pursuant to Title 18, United States Code §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), in support of an application for a search warrant for information associated with the Dropbox account described in Attachment A (hereinafter "SUBJECT ACCOUNT") and all content found therein, there being probable cause to believe that located in the place described in Attachment A are items described in Attachment B, bearing evidence, fruits, and instrumentalities of violations of Title 18, United States Code, § 2252(a)(1),(2), and (4) and 2252A(a)(1), (2), (3), and (5).

3. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.  I have set forth facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of Title 18, United States Code, § 2252 and 2252A are presently located at the location described.

4. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## RELEVANT STATUTES

5. This investigation concerns alleged violations of Title 18 U.S.C. § 2252 and 2252A, relating to material involving the sexual exploitation of minors.

6. Title 18 U.S.C. § 2252 and 2252A prohibit a person from knowingly possessing or accessing sexually explicit images (child pornography) with the intent to view them as well as transporting, receiving, distributing or possessing in interstate or foreign commerce, or by using any facility or means of interstate or foreign commerce, any visual depiction of minors engaging in sexually explicit conduct (child pornography).

## DEFINITIONS

7. The following definitions apply to this Affidavit and Attachment B to this Affidavit.

8. "Child Pornography" as used herein is defined in 18 U.S.C. § 2256(8). (Any visual depiction, including any photograph, film, video, picture, or computer or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

9. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image.  See 18 U.S.C. § 2256(5).

10. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

## DROPBOX, INC. AND ELECTRONIC EVIDENCE

11. "Dropbox" refers to an online storage company on the Internet, accessed from a computer or electronic storage device that offers its users a medium for storing files. As an example, online storage mediums such as Dropbox make it possible for the user to have access to saved files without the requirement of storing said files on their own computer or other electronic storage devices.  Dropbox is an "offsite" storage medium for data that can be viewed at any time from any device capable of accessing the Internet. Users can store their files on Dropbox and avoid having the files appear on their computer. Anyone searching an individual's computer that utilizes Dropbox would not be able to view these files if the user opted only to store them at an offsite facility such as Dropbox.  These are often viewed as advantageous for collectors of child pornography in that they can enjoy an added level of anonymity and security.

12. Dropbox provides a variety of online services, including online storage access, to the general public. Dropbox allows subscribers to obtain accounts at the domain name www.dropbox.com.  Subscribers obtain a Dropbox account by registering with an e-mail address.  During the registration process, Dropbox asks subscribers to provide basic personal identifying information.  This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account numbers).

13. When the subscriber transfers a file to a Dropbox account, it is initiated at the user's computer, transferred via the Internet to the Dropbox servers, and then can automatically be synchronized and transmitted to other computers or electronic devices that have been registered with that Dropbox account.  This includes online storage in Dropbox servers.  If the subscriber does not delete the content, the files can remain on Dropbox servers indefinitely. Even if the subscriber deletes their account, it may continue to be available on the Dropbox servers for a certain period of time.

14. Online storage providers typically retain certain transactional information about the creation and use of each account on their systems.  This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.  In addition, online storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.  Because every device that

connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

15. In some cases, Dropbox account users will communicate directly with Dropbox about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Online storage providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications.

16. In the electronic world, it is possible to use pictures, images and emoticons (images used to express a concept or idea such as a happy face inserted into the content of an email or the manipulation and combination of keys on the computer keyboard to convey an idea, such as the use of a colon and paren ":)" to convey a smile or agreement) to discuss matters. Actual review of the contents of a photo-sharing account by law enforcement familiar with the identified criminal activity is necessary to find all relevant evidence within the account.

## **INVESTIGATION**

17. On May 14, 2013, May 21, 2013 and May 30, 2013, a Minneapolis FBI Special Agent ("SA"), while conducting an undercover operation, accessed the Internet and connected to a publicly available peer-to-peer file-sharing program ("FSP"). The SA was utilizing an FSP screen name obtained through a consensual identity takeover from a known distributor of child pornography. During the online sessions, the undercover agent was in contact with screen name "nocosportsfan" The undercover agent was advised by "nocosportsfan" that the password to access "nocosportsfan"'s protected folder was "iloveincest123". The undercover agent then connected to "nocosportsfan"'s shared directories and used this password to gain access to the protected folder. Separately the undercover agent recorded the times and Internet Protocol addresses ("IP") used by "nocosportsfan" to access the FSP.

18. During the three online sessions, "nocosportsfan" attempted to download numerous files from the undercover agent that bore titles indicative of child pornography. At the same time, the undercover agent was able to download 11 files with titles indicative of child pornography. The files are named as follows:

   a. !Kimmy big cumshot.wmv
   b. Dad dau mummmmmm.wmv
   c. PTHC – Father Rapes 12yr Daughter.mpg
   d. Attachments_2013521.zip
   e. ! Brazilian girl 12yo girl – cumshot in mouth
   f. ! NEW !2008 – Glazed Angel
   g. ! NEW ! (pthc) Daddy's Girl – 12 yo Daddy BJ07(1)(1)
   h. ! NEW ! (pthc) Veronika 05
   i. !! NEW !! 2006 13yr jacks man in bathroom
   j. !!! New 2006!!! Guatemala 9Yo Nena De La Calle (Sopps) {Rare Reel Fck Good} (Kleuterkutje)(Ped0.mpg
   k. !!New(Pthc)Movie 00-Godsend

19. On June 21, 2013, SA Nick Vanicelli reviewed some of the above-listed files. "!Kimmy big cumshot.wmv" is a video depicting a naked, prepubescent minor female manually stimulating an adult male's penis, culminating with the male ejaculating on the minor's face. "Dad dau mummmmmm.wmv" is a video depicting what appears to be a minor teenage girl having intercourse with an adult male (both naked) while an adult, naked female looks on and gives guidance to the naked female. "PTHC – Father Rapes 12yr Daughter.mpg" was not viewable with the software available to SA Vanicelli.

"Attachments_2013521.zip" is a zip file containing 45 images of various minor children, mostly female, naked and engaged in sexually explicit conduct. "! Brazilian girl 12yo girl – cumshot in mouth" is a video depicting a minor female, approximately 8 – 10 years old, performing fellatio upon a male of unknown age; the male ejaculates in the minor's mouth. "! NEW !2008 – Glazed Angel" was not viewable with the software available to SA Vanicelli. "! NEW ! (pthc) Daddy's Girl – 12 yo Daddy BJ07(1)(1)" depicted a minor female, naked, approximately 12 years old, manually and orally stimulating an adult male's penis. "! NEW ! (pthc) Veronika 05" was not viewable with the software available to SA Vanicelli. "!! NEW !! 2006 13yr jacks man in bathroom" was not viewable with the software available to SA Vanicelli.  "!!! New 2006!!! Guatemala 9Yo Nena De La Calle (Sopps) {Rare Reel Fck Good} (Kleuterkutje)(Ped0.mpg" was not viewable with the software available to SA Vanicelli. "!!New(Pthc)Movie 00-Godsend" is a video depicting an adult male, naked, having vaginal intercourse with a naked, minor girl.

20. On May 30, 2013 the Minneapolis SA served an Administrative Subpoena on CenturyLink to identify the subscriber and connection logs of the account holder related to the IP addresses utilized by "nocosportsfan" during the online sessions with the undercover agent.

21. CenturyLink responded to the subpoena request advising customer Randy Carl Golden was assigned the requested IP addresses during the times that the downloads and attempted downloads of child pornography occurred. CenturyLink records showed the billing name, address, and telephone number for this account as Carl Golden, 199 Lone Pine Creek Drive, Red Feather Lakes, Colorado 80545, 970-224-3539.

22. On August 5, 2013, the Honorable Michael J. Watanabe issued federal search warrant 13-sw-05666-MJW for 199 Lone Pine Creek Drive, Red Feather Lakes, Colorado 80545 in order to search for fruits, evidence and instrumentalities of violations of Title 18, United States Code, § 2252(a)(1), (2), (4), and 2252A(a)(1), (2), (3), and (5).  Your Affiant, along with other members of law enforcement, executed the above-referenced search warrant for 199 Lone Pine Creek Drive, Red Feather Lakes, Colorado 80545 on August 8, 2013.

23. Upon execution of the search warrant and through subsequent interviews, your Affiant learned that the subject of the investigation was Eli Traufield ("Traufield"), the step-son of Randy Carl Golden. Seized during the search were numerous electronic devices, including a Hewlett Packard desktop computer ("HP Computer") that Traufield admitted to using. On August 20, 2013, the HP Computer was sent to the Rocky Mountain Regional Computer Forensics Laboratory (RMRCFL) for examination.

24. Using Computer Analysis Response Team (CART) approved tools, procedures and methodologies, the HP Computer was analyzed by a CART certified examiner at the RMRCFL and the data from the computer was made available to your Affiant.

25. The CART certified examiner reviewed shadow copies on the HP Computer. Shadow copies are a feature in the Windows 7 operating system that creates previous versions of files and folders that have been modified or deleted.  The previous versions are either copies of files and folders created by Windows backup, or copies of files and folders that Windows automatically saves as part of a restore point.  Essentially, shadow copies can be restored to show the files and folders that were on the computer at an earlier date and time. From this review, the CART certified examiner observed restore points of July 29, 2013, 3:43pm MST and July 31, 2013, 3:00am MST, which contained images and videos depicting child pornography associated with folders used by the FSP screen names notated above.

26. Your Affiant reviewed the shadow copy made available for July 29, 2013 and located 715 files depicting minors engaged in sexually explicit conduct. Additionally, your Affiant identified 21 videos which clearly show minor females engaging in sexual activities. A sample of the videos reviewed by your

Affiant include: the file entitled "! New ! (Pthc) Daddy's girl – Make Daddy Cum 12Yo.avi.downloading" which was in the process of being downloaded at the moment the shadow copy was made. It depicts a minor female, approximately 10 - 12 years old, manually and orally stimulating an adult male's penis. A separate file, entitled "(Indito Special) (Pthc) Lucy6.mpg " depicts a minor female, approximately 2 – 4 years old, sitting on an adult male's lap without underwear and having her genitals manually stimulated by the adult male. The video continues to a scene where the minor female is lying on a bed without underwear. The adult male directs the minor female to manually stimulate her own genitals and also assists her in doing so. The remaining 19 videos also depict child pornography.

27. Your Affiant reviewed the shadow copy made available for July 31, 2013 and located 16 videos which depict minor females engaged in sexual activities. A sample of the videos reviewed by your Affiant include: the file entitled "2010 Obeying daddy.avi" which depicts a minor female, approximately 10 years old, performing fellatio on an adult male. A separate file, entitled "2011 7yo niece (private) – FUCK.wmv" depicts an adult male and minor female, approximately 6 -10 years old, lying down on a bed. The adult male is attempting to penetrate the minor female with his penis as she faces away from him. It cannot be determined if the minor female is sodomized by the adult male. The remaining 14 videos also depict child pornography.  The CART certified examiner reported that when reviewing the shadow copies, certain files depicting child pornography were discovered in logical folder paths associated with the FSP, as well as in the recycling bin.  Additionally, certain child pornography images present in logical folder paths in July 29, 2013 shadow copy were found in the recycling bin during a review of the July 31, 2013 shadow copy.

28. Additionally, utilizing the tools provided to your Affiant by the RMRCFL, your Affiant identified 822 child pornography images, including duplicates, which had been deleted from the HP Computer, but were recovered from the computer's Drive Free Space.  Some of these child pornography images depicted infant females.  Drive Free Space (also referred to as Unallocated or Free Space) is space on the hard drive which is available for the operating system to store files on.  Once a file is written to that location it becomes allocated and is tracked by the operating system. When a file is deleted its entry in the Allocation Table is changed and that space is made available or becomes Unallocated.  The actual file remains intact until the operating system stores another file in that location.  Therefore, Drive Free Space may contain complete files, fragments of files, or no files at all.

29. Additionally, your Affiant reviewed FSP chats involving the trading of child pornography associated with three separate FSP user names: "nocosportsfan", "nocosportsfan2", and "nocosportsfan3" present on the HP Computer. The user name "nocosportsfan", associated with FSP ID number 1572749, is the same FSP screen name used by the subject when communicating with the undercover SA in May 2013. These chats included discussions about particular types of child pornography videos and images desired, such as those depicting incest, "budding" girls, and other minor females.

30. On May 30, 2013, "nocosportsfan" engaged in a FSP chat with user name "Teenbaits". Their conversation began with requests to share their child pornography, as well as their desired type of child pornography. During the conversation, "nocosportsfan" stated to "Teenbaits", "I would recommend offsite storage." Teenbaits" replied, "Offsite?" A couple additional messages were exchanged unrelated to this topic, after which "Teenbaits" stated, "I have all my 1.5tb onexhd." "Nocosportsfan" immediately replied, "I don't know what that means, I have vids and pics, probably half that much in my file." Your Affiant believes the conversation reflects that Teenbait stores his digital media on a 1.5 terabyte external hard drive. As "nocosportsfan" did not understand the shorthand reference to "xhd" and then made reference to storing his videos and pictures in his "file", your Affiant believes that "nocosportsfan" does not utilize any electronic storage devices similar to an external hard drive.  Instead, given the reference to "offsite storage" and a "file," your Affiant believes that the conversation reflects that "nocosportsfan" maintains his child pornography images and videos with an online storage company.

31. Further investigation by the CART certified examiner identified a user sign-in page on "www.dropbox.com". The e-mail address on the page was "ncomoney2@yahoo.com" with a space for "first name" populated with an "E", while the space for entering a last name was populated with a "T." It is the belief of your Affiant that these letters stand for "Eli Traufield." Additionally, Internet artifacts were located on the computer indicating the download and installation of software from "www.dropbox.com" had previously been undertaken.  Lastly, a Dropbox icon, representing a Dropbox link file or shortcut, was located on the HP Computer's desktop.

32. Your Affiant reviewed a document contained within the HP desktop computer and learned that "ncomoney2@yahoo.com" is an e-mail address utilized by Eli Traufield in his personal dealings.

33. The CART certified examiner further reported that a Toshiba external hard drive had previously been connected to the HP Computer. That Toshiba external hard drive had been seized during the above-described search warrant and was also reviewed using CART approved tools, procedures and methodologies. That review did not produce any evidence that files with titles or content indicative of child pornography ever being stored on the external hard drive. Aside from the Toshiba external hard drive, additional external devices such as flash drives and other storage devices had been connected to the HP Computer.  However, given the size and scope of the collection of child pornography videos and images found on the HP Computer, the CART certified examiner reports it is impractical and not feasible that the child pornography collection would have been maintained solely on the additional external devices such as flash drives and other storage devices.

34. To date, the results of the computer forensic examination are consistent with an individual downloading files depicting child pornography using the FSP to his computer, then saving the files to another medium, for example an online storage account, and subsequently deleting the files from his computer.

35. On November 19, 2013, your Affiant sent Dropbox, via facsimile, a Preservation Letter request.  The letter requested that Dropbox, Inc. preserve the following accounts:  "ncomoney2@yahoo.com" and any additional accounts related to "Eli Traufield" for 90 days.

36. Your Affiant knows from training and experience that analysis of all pictures maintained in a photo-sharing account may be necessary to identify the origin of the images, to identify the minors depicted in them, to identify of producers of them, to provide insight, context, and to reveal evidence of a person's interest in child pornography or child sexual exploitation.

37. Your Affiant knows from training and experience that the complete contents of a photo-sharing account may be important to establishing the actual user who has dominion and control of the account at any given time.  Photo sharing accounts may be registered in false names or screen names from anywhere in the world with little to no verification by the service provider.  They may also be used by multiple people.  Therefore, the content of a given account, including the entire content of the account, often provides important evidence regarding the actual user's identity, dominion, and control of a photo-sharing account.

## CONCLUSION

38. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

39. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence, fruits, and instrumentalities of Title 18, United States Code, Sections 2252A(a)(1),

(2), (3), and (5) and 2252(a)(1), (2), and (4) may be located within the Dropbox account described in Attachment A.

40. I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

*s/Kevin P. Hoyland*
Special Agent, Kevin P. Hoyland
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this __5th__ day of _Feb._ 2014

_Boyd N. Boland_

UNITED STATES MAGISTRATE JUDGE

Application for search warrant was reviewed and is submitted by Alecia Riewerts Wolak, Assistant United States Attorney.