Case 1:14-sw-05100-BNB Document 3 Filed 03/31/14 USDC Colorado Page 1 of 6
Case 1:14-sw-05100-BNB *SEALED* Document 2 Filed 02/05/14 USDC Colorado Page 1 of 6
AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
The Dropbox account associated with subscriber or user name "ET" or Eli Traufield or e-mail address "ncomoney2@yahoo.com", that is in the possession of Dropbox, Inc., whose office is located at 185 Berry Street, 4th Floor, San Francisco, CA, 94107, more fully described in Attachment A, attached hereto.

)
)
) Case No. 14-sw-05100-BNB
)
)
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the __State and__ District of __Colorado__ *(identify the person or describe the property to be searched and give its location)*:

SEE "ATTACHMENT A" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE "ATTACHMENT B" attached hereto and incorporated by reference

I find that the affidavit(s), or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __Feb. 19, 2014, at 1:00 p.m.__ *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Boyd N. Boland__
*United States Magistrate Judge* *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30).*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **1:48 pm, Feb 05, 2014**    *Boyd N. Boland* (signature)

City and state: __Denver, CO__    Boyd N. Boland *Judge's signature*
United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

# Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 1:14-sw-05100-BNB | 02/05/14 14:14 | Warrant faxed to Dropbox |

Inventory made in the presence of:
FBI Special Agent Kevin P. Hoyland

Inventory of the property taken and name of any person(s) seized:

Your Affiant received an email from Dropbox containing the information they had on record for email address NComoney2@yahoo.com on 2/28/14 at 12:38am from S.li@dropbox.com. Dropbox only had subscriber information available.

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
1:12 pm, Mar 31, 2014
**JEFFREY P. COLWELL, CLERK**

# Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 3/28/14

_____
Executing officer's signature

FBI Special Agent Kevin P. Hoyland
Printed name and title

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The Dropbox account, information about the account, and all content associated with subscriber "ET" or "Eli Traufield," user names "ET" or "Eli Traufield," or e-mail address "ncomoney2@yahoo.com", and all associated accounts (hereinafter and in Attachment B, "SUBJECT ACCOUNT") which is in the possession of or under the control of Dropbox, Inc., whose office is located at 185 Berry Street, 4th Floor, San Francisco, CA 94107 (hereinafter and in Attachment B, "PROVIDER").

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

Pursuant to 18 U.S.C. § 2703, PROVIDER as described in Attachment A is hereby ordered as follows:

### I. SEARCH PROCEDURE

a. The search warrant will be presented to personnel of the PROVIDER, who will be directed to isolate those accounts and files described in Section II below;

b. In order to minimize any disruption of computer service to innocent third parties, the PROVIDER'S employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the computer accounts and files described in Section II below, including an exact duplicate of all information stored in the computer accounts and files described therein;

c. The PROVIDER'S employees will provide the exact duplicate in electronic form of the accounts and files described in Section II below and all information stored in those accounts and files to the agent who serves the search warrant; and

d. Law enforcement personnel will thereafter review all information and records received from the PROVIDER'S employees to determine the information to be seized by law enforcement personnel specified in Section III.

### II. FILES AND ACCOUNTS TO BE DISCLOSED BY THE PROVIDER'S EMPLOYEES

a. For the SUBJECT ACCOUNT listed in Attachment A for the time period from the date the SUBJECT ACCOUNT was created, to the date the PROVIDER collects the data in response to this order, the PROVIDER shall disclose the following information, and the disclosure shall include all information, including, but not limited to, messages, records, files, logs, even if deleted yet still available to the PROVIDER, and all information preserved pursuant to a request under 18 U.S.C. § 2703(f):

   1. The contents of all folders associated with the SUBJECT ACCOUNT, including deleted, stored or preserved copies of files sent to and from the SUBJECT ACCOUNT, the source and destination addresses associated with each file sent to and from the SUBJECT ACCOUNT, the history of all account activity related to the uploading and downloading of files, including the date and time at which each file was sent to and from the SUBJECT ACCOUNT and the size and title of each file sent to and from the SUBJECT ACCOUNT;

   2. All transactional information of all activity of the SUBJECT ACCOUNT, including log files, messaging logs, records of session times and durations, dates and times of connecting, methods of connecting, and e-mail "invites" sent or received via the PROVIDER, and any contact lists;

   3. All records or other information regarding the identification of the SUBJECT ACCOUNT, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the SUBJECT ACCOUNT, log-in IP addresses associated with session times and dates, SUBJECT ACCOUNT status, alternative e-mail addresses provided during registration, methods of connecting, ports, dial-ups, and/or locations, log files, and means and source of payment (including any credit or bank account number);

4. All business records and subscriber information, in any form kept, pertaining to the SUBJECT ACCOUNT, including applications, subscribers' full names, all screen names associated with the subscribers and/or accounts, all account names associated with the subscribers, methods of payment, telephone numbers, addresses, and detailed billing records;

5. All records indicating the services available to the subscriber of the SUBJECT ACCOUNT;

6. The services the SUBJECT ACCOUNT utilized and all records generated by those services;

7. All records or other information stored at any time by an individual using the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, and files;

8. All records pertaining to communications between PROVIDER and any person regarding the SUBJECT ACCOUNT or identifier, including contacts with support services and records of actions taken.

### III. INFORMATION TO BE SEIZED BY LAW ENFORCEMENT PERSONNEL

a. All information described above in Section II that constitutes fruit, evidence and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(1),(2), and (4) and 2252A(a)(1), (2), (3), and (5):

1. All files, images, and other information that relate to the SUBJECT ACCOUNT, or other e-mail accounts, Internet accounts, addresses or user names that may identify the user of the account or individuals engaged in the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography, that identifies the means or methods used regarding such the purchase, offer, sale, importation, receipt, distribution, and/or possession of child pornography or other violations of Title 18, United States Code, § 2252(a)(1), (2), and (4) and 2252A(a)(1), (2), (3), and (5);

2. All "address books" or other lists of correspondents or contacts, or usernames with access to the account;

3. All information that identifies a sexual interest in minors and/or communication with those with a sexual interest in minors or information relating to violations of 18 U.S.C. §§ 2252(a)(1), (2), (4), 2252A(a)(1), (2), (3), and (5);

4. Visual depictions of child pornography;

5. Information containing child erotica, including visual depictions of child erotica;

6. Any and all information, notes, software, documents, records, or correspondence, in any form and medium pertaining to any minor who is, or appears to be, the subject of any visual depiction of child pornography, child erotica, sexual activity with other minors or adults, or of sexual interest, or that may be helpful in identifying any such minors;

7. Names and associated e-mail addresses; physical address and location information; records of session times and durations; length of service (including start date) and types of service utilized; telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; the means and source of payment for such service (including any credit card or bank account number); and Internet Protocol addresses used by the subscriber to register the account or otherwise initiate service;

8. User connection logs for the SUBJECT ACCOUNT for any connections to or from the SUBJECT ACCOUNT which should include the following: Connection time and date; disconnect time and date; method of connection to system (e.g., SLIP, PPP, Shell); data transfer volume (e.g., bytes); the IP address that was used when the user connected to the service, connection information for other systems to which user connected via the SUBJECT ACCOUNT; and any addresses or contact information associated with the SUBJECT ACCOUNT;

9. Records relating to who created, used, or communicated with the SUBJECT ACCOUNT or user of that account, or who had access to the account, including records about their identities and whereabouts that relate to violations of 18 U.S.C. §§ 2252(a)(1), (2), (4), 2252A(a)(1), (2), (3), and (5), or that provide identifying information for the user of the SUBJECT ACCOUNT, or that provides context for the information otherwise sought by this Attachment.

## IV. PROVIDER PROCEDURES

a. The PROVIDER shall deliver the information set forth above within **14 days** of the service of this warrant and the PROVIDER shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

Special Agent Kevin Hoyland
2915 Rocky Mountain Avenue, Suite 210
Loveland, Colorado 80538
Fax No: (970) 461-4020

b. Pursuant to 2703(g), the presence of an agent is not required for service or execution of this warrant.

## V. DEFINITIONS

a. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored.

b. "Child Pornography" as used herein is defined in 18 U.S.C. § 2256(8). (Any visual depiction, including any photograph, film, video, picture, or computer or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

c. "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

d. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.